United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARIO D. GARDNER,<br><br>  Plaintiff,<br><br>  v.<br><br>ALEX REILLE, et al.,<br><br>  Defendants. | Case No. 20-cv-01148-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis and he has consented to the jurisdiction of a Magistrate Judge.

## DISCUSSION

### Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that he was sexually assaulted, sexually harassed, and physically assaulted by several correctional officers.

The treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or to maliciously and sadistically cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley*, 475 U.S. at 320-21.

Claims arising from sexual assault are distinct from other Eighth Amendment excessive force claims. *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). "[S]exual assault serves no valid penological purpose," and thus, when an inmate proves that a prison guard committed a

sexual assault, there is a presumption that the guard acted maliciously and sadistically for the very purpose of causing harm, satisfying the subjective prong of an Eighth Amendment claim. *Id*.; *see Wood v. Beauclair*, 692 F.3d 1041, 1049 (9th Cir. 2012) (malicious and sadistic intent may be presumed because there is no legitimate penological purpose for sexual contact between prisoner and guard). "[A]n inmate need not prove that an injury resulted from sexual assault" because "any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis." *Bearchild*, 947 F.3d at 1144 (quoting *Hudson*, 503 U.S. at 10); *see Wood*, 692 F.3d at 1050-51 (prisoner-plaintiff need not produce evidence of specific psychological or physical harm from non-consensual sexual contact).

"[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild*, 947 F.3d at 1144. "[A]ll of the elements of a Section 1983 sexual assault claim are established if a prisoner proves that a sexual assault occurred." *Id*. at 1145.

There are occasions when legitimate penological concerns require invasive searches, and the courts owe prison staff deference because of prisons' "unique security concerns." *Id*. Thus, when the assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." *Id*.

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment). Mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of 8th Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed

3

control booth for no more than 30-40 seconds). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See*, *e.g.*, *Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (prison policy requiring male guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Plaintiff states that Defendant Reille was performing a clothed body search of Plaintiff and inappropriately touched Plaintiff's buttocks and anal area. Plaintiff was then escorted to a different area to receive an X-Ray body scan. Plaintiff had to strip for the X-ray and alleges that Reille ogled his body and looked at him with lust in his eyes. Then Reille and Defendants Maldonado and Alter made sexual and lewd comments towards Plaintiff while they searched his clothing. When Plaintiff was getting dressed, he made a comment to Defendants and then Maldonado punched Plaintiff in the stomach, Alter punched plaintiff in the face and upper torso, Reille pushed plaintiff to the ground, and then Plaintiff felt multiple punches and hits.

Thereafter, Plaintiff requested to see a doctor, but Defendant Shrag ordered Plaintiff to go through the X-Ray machine which was operated by Defendant Maylin. Later, Plaintiff filed inmate appeals regarding the assault. Plaintiff also alleges that Defendant Powers wrote a false incident report to justify placing him in Administrative Segregation. Plaintiff states that Defendants Powers, Shrag, and Maylin were not present during the assault.

As currently pled, Plaintiff states a claim of excessive force against Defendants Reille, Maldonado and Alter. However, Plaintiff's other allegations fail to state a claim, and thus, the complaint is dismissed with leave to amend to provide more information. Plaintiff must provide more information regarding the alleged sexual assault with respect to the legal standards set forth above. Defendants' mere verbal harassment fails to state a claim as currently pled. With respect to Defendants Shrag, Powers, and Maylin, Plaintiff must further describe their actions and how they violated his constitutional rights. Failure to follow prison regulations or procedures fails to state a federal claim. Simply that one of these defendants is a supervisor also fails to state a claim. Plaintiff must provide more information to proceed against these defendants.

4

# CONCLUSION

The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case. In an amended complaint, Plaintiff must still include the allegations of excessive force that the court has found cognizable.

Additionally, it is Plaintiff's responsibility to prosecute this case. Therefore, Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 30, 2020

ROBERT M. ILLMAN
United States Magistrate Judge

5