UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARIO D. GARDNER,<br>    Plaintiff,<br>  v.<br>ALEX REILLE, et al.,<br>    Defendants. | Case No. 20-cv-01148-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, proceeds with a *pro se* civil rights complaint under 42 U.S.C. § 1983. On March 30, 2020, the undersigned issued an Order of Dismissal with leave to amend. *See* Order (dkt. 6). Although Plaintiff had successfully stated a claim for excessive force in violation of the Eighth Amendment against Defendants Reille, Maldonado, and Alter, he failed to allege sufficient facts to establish a claim against Defendants Shrag, Powers, and Maylin. *Id.* at 4. Thus, Plaintiff was granted leave to amend to add more facts and allegations tending to show that those Defendants violated his constitutional rights. *Id*.

On July 1, 2020, Plaintiff filed an Amended Complaint. *See* Am. Compl. (dkt. 11). In his new complaint, Plaintiff dropped Defendants Shrag, Powers, and Maylin entirely and, in nearly all other regards, the allegations and claims against Defendants Reille, Maldonado, and Alter remain the same as Plaintiff's original complaint. *See generally id*. As stated below, the court finds Plaintiff has sufficiently pled claims pursuant to § 1983, and the matter shall proceed.

**LEGAL STANDARDS**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff alleges that he was sexually assaulted, sexually harassed, and physically assaulted by several correctional officers.

The treatment a convicted prisoner receives in prison and the conditions under which he is

confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or to maliciously and sadistically cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley*, 475 U.S. at 320-21.

Claims arising from sexual assault are distinct from other Eighth Amendment excessive force claims. *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). "[S]exual assault serves no valid penological purpose," and thus, when an inmate proves that a prison guard committed a sexual assault, there is a presumption that the guard acted maliciously and sadistically for the very purpose of causing harm, satisfying the subjective prong of an Eighth Amendment claim. *Id.*; *see Wood v. Beauclair*, 692 F.3d 1041, 1049 (9th Cir. 2012) (malicious and sadistic intent may be presumed because there is no legitimate penological purpose for sexual contact between prisoner and guard). "[A]n inmate need not prove that an injury resulted from sexual assault" because "any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis." *Bearchild*, 947 F.3d at 1144 (quoting *Hudson*, 503 U.S. at 10); *see Wood*, 692 F.3d at 1050-51 (prisoner-plaintiff need not produce evidence of specific psychological or physical harm from non-consensual sexual contact).

"[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild*, 947 F.3d at 1144. "[A]ll of the elements of a Section 1983 sexual assault claim are established if a prisoner proves that a sexual assault occurred." *Id.* at 1145.

There are occasions when legitimate penological concerns require invasive searches, and the courts owe prison staff deference because of prisons' "unique security concerns." *Id.* Thus,

3

when the assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." *Id*.

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment). Mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of 8th Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See*, *e.g.*, *Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (prison policy requiring male guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Plaintiff states that Defendant Reille was performing a clothed body search of Plaintiff and inappropriately touched Plaintiff's buttocks and anal area. Plaintiff was then escorted to a different area to receive an X-Ray body scan. Plaintiff had to strip for the X-ray and alleges that Reille ogled his body and looked at him with lust in his eyes. Then Reille and Defendants Maldonado and Alter made sexual and lewd comments towards Plaintiff while they searched his clothing. When Plaintiff was getting dressed, he made a comment to Defendants and then Maldonado punched Plaintiff in the stomach, Alter punched Plaintiff in the face and upper torso, Reille pushed Plaintiff to the ground, and then Plaintiff felt multiple punches and hits. Plaintiff suffered injuries due to this assault.

Liberally construed, Plaintiff states a claim for excessive force, sexual assault and sexual harassment. Additionally, in his amended complaint, Plaintiff has voluntarily dismissed the other

4

defendants and claims from the original complaint that were discussed in the court's prior screening order. Pursuant to Federal Rule of Civil Procedure 21, they are no longer part of this action.

## CONCLUSION

At Plaintiff's request, all unnamed defendants are **DROPPED** from this action, and only Defendants Reille, Ater and Maldonado remain. The clerk shall **ISSUE** a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (dkt. 11) with attachments, a Magistrate Judge jurisdiction consent form and copies of this order on the following Defendant Correctional Officers at Pelican Bay State Prison: Alex Reille, Mark Ater and Sean Maldonado.

In order to expedite the resolution of this case, the Court orders as follows:

No later than **sixty days** from the date of service, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date that the summary judgment motion is due. Moreover, all papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **thirty days** from the date the motion was served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is

1   provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409,
2   411-12 (9th Cir. 1988).

3         If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust
4   his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take
5   note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided
6   to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.

7         If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the
8   opposition is served. The motion shall be deemed submitted as of the date the reply brief is due.
9   No hearing will be held on the motion unless the Court so orders at a later date.

10        All communications by Plaintiff with the Court must be served on Defendants, or
11  Defendants' counsel once counsel has been designated, by mailing a true copy of the document to
12  Defendants or Defendants' counsel.

13        Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
14  further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties
15  may conduct discovery.

16        Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
17  informed of any change of address by filing a separate paper with the clerk headed "Notice of
18  Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
19  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
20  Civil Procedure 41(b).

21  **IT IS SO ORDERED.**
22  Dated: August 20, 2020

                                      ROBERT M. ILLMAN
                                      United States Magistrate Judge